STOULIG, Judge.
Plaintiff, Gloria Delesdernier Gerald, has appealed a judgment dismissing on exceptions of “no cause and/or right of action” her suit asserting an heritable -interest in three tracts of land in Plaquemines Parish. She attacks two links in the title of George T. Armstrong, the present record owner, claiming (1) the land first came- into the Delesdernier family through simulated sales by her grandfather to two uncles and an aunt; and (2) a later transfer by these same collaterals to Armstrong is a nullity because the signatures of two of the vendors were forged with Armstrong’s knowledge.
Gloria Gerald is the grandchild of Julia Loga Delesdernier and George W. Delesder-nier and is their forced heir through representation of her father Chester 0. Delesder-nier, one of the children of George W. and Julia who predeceased both his parents. In addition she is a collateral heir of George 0. Delesdernier (her uncle) who died intestate without forced heirs. Her proportionate interest in each succession is not germane to our review.[1]
[1]
We preface our discussion of the issue with a restatement of the general rule that allegations of the petition are accepted as true for the purpose of weighing the validity of an exception of no cause of action.. Documents incorporated in the petition by reference may be considered; however, evidence is inadmissible to controvert any assertions. C.C.P. art. 931; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972); American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970); Leidenheimer v. Schutten, 194 So. 32 (La.1940).
Plaintiff attacks as nullities the following acts registered in the conveyance office of Plaquemines Parish:
Sale by Albert W. Newlin, administrator of the Succession of Robert M. White, to Mark Delesdernier before Harold J. Rayl, late Notary, dated August 24, 1931 and registered in C.O.B. 72, Folio 114.
Sale by Albert W. Newlin, administrator of the Succession of Robert M. White, to Mark, George 0. and Shirley I. Delesder-nier before Harold J. Rayl, late Notary, dated October 29, 1931 and registered in C.O.B. 72, Folio 106.
Sale by Albert W. Newlin, administrator of the Succession of Robert M. White, to Mark, George O. and Shirley I. Delesder-nier before Harold J. Rayl, late Notary, dated November 14, 1931 and registered in C.O.B. 72, Folio 110.
Sale of property by Mark Delesdernier, Shirley Delesdernier Koehl, and George O. Delesdernier to George T. Armstrong, before Frank J. Lobrano, Clerk of Court and ex-officio Notary Public, on October 14,1933 and registered in C.O.B. 74, Folio 511.
The petition avers the first three sales are simulated transfers by George W. De-lesdernier to three of his children in that it was George W. who bid for the properties at public auction and paid the purchase price with funds belonging to the community of acquets and gains existing between him and Julia Loga. Gloria avers the designation of George W. as the agent for the three vendees in the respective acts is a sham.
As a general rule, a forced heir is barred from attacking transfers by his an *584 cestors in authentic form by parol evidence. See Scurto v. LeBlanc, 191 La. 136, 184 So. 567 (1938) and Eberle v. Eberle, 161 La. 313, 108 So. 549 (1926), for cases discussing this rule, and the exceptions thereto.
Plaintiff alleges two irregularities in the acts attacked as simulated sales that she contends destroys their statuses .as authentic acts, namely: (1) the mandates for George W. Delesdernier to act for his various children are not in writing and are not made part of the acts; and (2) the proces verbal of the auction sale recites George W. Delesdernier is the purchaser without stating he was bidding in an agency capacity.
C.C. arts. 2996 and 2997 stipulate a power of attorney to buy or sell real property must be express; however, if the recited agency in a deed is not evidenced by a written mandate, the transaction is not an absolute nullity that may be voided by a third party attack. Rather, it is voidable by one of the parties to the act. Once the Delesdernier vendees sold to Armstrong they ratified the agency of their father and foreclosed any future attack on the validity of the mandate. Bolding v. Eason Oil Company, 178 So.2d 246 (La.1965).
Nor is the alleged conflict between the proces verbal and the authentic act a basis for nullifying the sale. Plaintiff suggests an unrecorded proces verbal is the contract of sale between the estate of White and George W. Delesdernier, rather than the authentic acts later passed to convey the titles on which George W. bid successfully. She relies on C.C. art. 2623, which states:
“The adjudication made and recorded by the sheriff, auctioneer or representative of the succession, is a complete title to the purchaser, and needs not be followed by an act passed before a notary.” (Emphasis added.)
The article does not apply to this case because the proces verbals upon which plaintiff rests her claim that George W. Deles-dernier was the actual purchaser were not recorded.
With respect to the White sales, George T. Armstrong is an innocent third party protected by the law of public registry. See McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909); R.S. 9:2721. But even if the unrecorded proces verbals were admissible and the reference therein to George W. Delesdernier were viewed in the light most favorable to plaintiff, the conflict between the authentic acts and the proces verbals would be resolved in favor of the recitations contained in those notarial acts. Carroll v. Scheen, 34 La.Ann. 423 (1882); Heirs of Nesom v. Weis, 34 La.Ann. 1004 (1882); McCall v. Irion, 41 La.Ann. 1126, 6 So. 845 (1889); and Hughes v. Edson, 129 La. 866, 57 So. 154 (1911).
We conclude, as did the trial court, that plaintiff’s petition attacking the three White sales as simulations states no cause of action.[2]
However, with respect to the assertions that the 1933 Armstrong acquisition is a nullity because two of the vendors’ signatures were forged, plaintiff has stated a cause of action. Defendants argue to support their exceptions that Gloria is es-topped from attacking this act because the uncle through whose succession she asserts this claim subsequently ratified the 1933 transfer in other written transactions. And further that in accepting his succession unconditionally, Gloria could not repudiate any agreements made by the uncle through whom she claims title. (See C.C. art. 1013.)
To support their position, defendants introduced numerous exhibits that are not incorporated by reference in plaintiff’s pleadings. Defendants suggest we treat the exception leveled at the 1933 sale as one of no right of action. It is not. It is properly an exception of no cause of action. The exception of no right of action questions the capacity cf the plaintiff to sue, *585 while no cause of action tests whether the pleadings and exhibits, if proved, afford a remedy at law. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375 (1945). Therefore, the exhibits introduced by defendant cannot be considered in passing on the exception of no cause of action. Soniat v. White, 146 La. 450, 96 So. 19 (1923).
Originally, the court referred the exceptions of no cause and no right of action to the merits; however, he rescinded this ruling and set the exceptions for argument after plaintiff prayed for a jury trial. Throughout argument on the exceptions, counsel for plaintiff repeatedly objected to admissibility of various documents. Defendants argue the documents were admitted without objection and accordingly expand the pleadings to incorporate them so that the Armstrong exhibits may be considered in deciding the exception of no cause of action.
In Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960), the Supreme Court in a footnote stated evidence admitted without objection enlarged the pleadings and might be considered in a no cause of action ruling as well as in a trial on the merits. At issue there was whether a release attached to a third party pleading could be considered in an exception of no cause of action when it was admitted without objection. In Williams the release was also cognizable because it was offered in support of an exception of res judicata. In this case objections were urged but even if they had not been, we would not extend the Williams rule to permit defendant to try via exception what C.C.P. art. 1005 requires pleaded as an affirmative defense.
Because the petition alleges a forgery, the rule that an authentic act is full proof of the agreement is inapplicable for the purpose of deciding this exception. C.C. art. 2236. An exception of no right of action based on plaintiff’s want of interest is not available to defendant merely because he may have a valid defense. The various arguments of estoppel are affirmative defenses which must be raised and proved at a trial on the merits. (C.C.P. art. 1005.)
Intervening in the claim urged by Gloria are Angie Neider Delesdernier, Widow of Chester 0. Delesdernier; Paul Delesdernier; Succession of Ira Delesdernier; and Gayle Keene Ralph, as assignee of Beulah Delesdernier Keene. Counsel for interve-nors has asked for instruction to the trial court if this matter is remanded. They are entitled to intervene and there is nothing in the record that indicates this right is challenged. Therefore we comment no further.
For the reasons assigned the judgment appealed from is affirmed insofar as the exception of no cause of action is maintained on the alleged simulated sales and insofar as it orders cancelled from the conveyance records of Plaquemines Parish notices of lis pendens concerning these properties:
A) Sale of Property by Albert W. New-lin, Admr. of the Succession of Robert M. White and I. B. Rennyson, Auctioneer, to Mark Delesdernier before Harold J. Rayl, Notary Public, dated August 24, 1931, recorded at COB 72, folio 114, Records of Plaquemines Parish, State of Louisiana, conveying the following described property:
Fractional Section or Lot No. 24, T. 18, S.R. 16 East, of the Mississippi River.
Fractional Sections 16, 18, 20, 21, 22, 23, 26, 27, 29 T. 19, S.R. 17 E; and Sections or Lots 2 and 6, T. 19, S.R. 18 E.
Fractional Sections 21 and 46, T. 20, S.R. 18, E.
Fractional Sections 3, 6, 7, 9, xh of 10, 11, 12, 35, 40, 41, 43, 45, 48 and 49, in T. 21, S.R. 19, East. Fractional Sections or Lots 1, 3, 5, 7, 10, 11, 12 and 13, 14 in T. 22, S.R. 19 E; and
Fractional Sections 2, 3 T. 20, S.R. 19, and 8 in T. 21, S.R. 31, West of River. Fractional Sections or lots 7, 8, 9 and 11, in T. 24, S.R. 30 E.
Fractional Sections or lots 20, 21 and 22, in T. 24, S.R. 31 E, and all the land *586 in the rear of Lots 28, 29, 30, 31, 32 and 33, and Sec. 34, in Township 22, S.R. 32 E.
Also a strip of land fronting on Main Pass bounded above by the United States Revenue Station, and below by Williams Pass (land of N. Gatlin not included.) All of said land lying and being situated in the Parish of Plaquemines, State of Louisiana.
Fractional Sections 22, 25 and 26, T. 22, S.R. 20 E. Also Island Head of Passes, in T. 22, S.R. 32 E., and East half of Section 10, and North half of North east quarter of Section 31, and SE Vi of Section 31, T. 22, S.R. 31 E, West of River. Frl. NW Vi of NE Vi of SW Vi and Frl. SE Vi of Section 21, T. 21, S.R. 31 E.W. of River. C.O.B. 57, folio 609.
B) Sale of Property by Albert W. New-lin, Admr. of the Succession of Robert M. White, and I. B. Rennyson, Auctioneer to Mark Delesdernier, George 0. Delesdernier and Shirley I. Deles-dernier before Harold J. Rayl, Notary Public, dated October 29, 1931, recorded at COB 72, folio 106, Records of Plaguemines Parish, State of Louisiana, conveying the following described property:
A certain tract of land situated on the left bank of the Mississippi River, and designated as unsurveyed lands on both sides of Scott Bayou rear lots 24 and 26 in T. 24, S.R. 31 E., 40 acres, lots or following sections 1 and 2 in T. 22, S.R. 31 E. Frl. Secs. 13 and 14 and 15 in T. 22, S.R. 31, E. Frl. Secs. 17 to 22, inclusive, in T. 22, S.R. 31. Frl. 2, 3, 4, 5, T. 22, S.R. 32, E. Lots 21 to 24 in T. 22, S.R. 32 E. Sec. 24 T. 24, R. 31E and Vi of lots or secs. 10 and 11, and unsurveyed Sea Marsh rear of lots or secs. 51 and 52 in T. 23 S.R. 31 E., undivided Vs interest into lots or secs. 8, 9 and 10 in T. 23, S.R. 31, E., and Vs interest in all of the unsurveyed Sea Marsh W. of lot 1 to 14 fronting on the River Bank of S.W. Pass in T. 23, S.R. 31 E. Undivided Vi interest of the unsurveyed Sea Marsh rear of lots 50, 53, 54 and 55, fronting on the left bank of S.W. Pass, being lots 7, 8, 9 and 12, in T. 23, S.R. 31, E., S.W. of River 1721 acres fresh marsh “B”. Island in S.E. Pass, lying in front of Lots 1 to 7 in T. 22, S.R. 33 East, West of River.
C) Sale of Property by Albert W. Newlin, Admr., of the Succession of Robert M. White, and I. B. Rennyson, Auctioneer to Mark Delesdernier, George 0. Delesdernier and Shirley I. Delesder-nier before Harold J. Rayl, Notary Public, dated November 14, 1931, recorded at COB 72, folio 110, Records of Plaquemines Parish, State of Louisiana, conveying the following described property:
Patent number 5466, dated March 12, 1896, in and to the lands described as all fractional in rear of that part entered by Thomas Bullen of section 13 half in T. 23, S.R. 31, East in the Southeastern Land District of Louisiana, west of river in the Parish of Plaquemines, containing one hundred and forty (140) and “/ioo acres, more or less. Patent 8426, dated February 6, 1902, in and to lands described as lot or fractional sections 11 and 13, fronting on the West Bank of Southwest Pass, and the east half of west half, and the west half of the east half of fractional section 5, in T. 23, S.R. 31, in the Southeastern district of Louisiana, West of River, Parish of Plaquemines, containing 305.26 acres. Lands described as West half of East half of section eight T. 23. Sr. R. 31, southeastern District of Louisiana, West of River, containing 170 acres more or less. Patent 5467, dated March 12, 1896, in and to lands described as East half of N.E. Vi of sections 19, T. 22, S.R. 31, East, Southeastern district of Louisiana, West of River, containing 80 acres. Patent number 4058, in and to lands described as 3800.40 thirty eight hundred and 40/ioo acres, lying in T. 22, S.R. 31, East, Southeastern district of *587 Louisiana, West of River. Patent number 8435, of the State of Louisiana, in and to West half of N.E. Vi of Section 32, Southeastern district of Louisiana, West of River and under patent number 8435 in and to W half of S.E. Vt of Section 32, Southeastern district of Louisiana, West of River, Parish of Plaquemines, both of which are in T. 22, south of range 31, east, Southeastern District of Louisiana, West of River.
It is further ordered that the judgment maintaining the exception of “no cause and/or right of action” is reversed insofar as it dismisses that part of the petition alleging forgery and nullity of the 1933 Armstrong acquisition and the order of the trial court cancelling the notice of lis pen-dens as it affects the following realty is hereby vacated:
Act of October 14, 1933, by Mark Deles-dernier, Shirley Delesdernier Koehl, George 0. Delesdernier to- George T. Armstrong before Frank J. Lobrano, Clerk of Court and ex-officio Notary Public, recorded at COB 74, folio 511, Records of Plaquemines Parish, State of Louisiana, conveying the following described property:
CERTAIN TRACTS OF LANDS situated in the Parish of Plaquemines, State of Louisiana, and described as follows:
1.Patent number 5466, dated March 12, 1896, in and to the lands described as all fractional in rear of that, part entered by Thomas Bullen of section I3V2 half in T. 23, S.R. 31, East in the Southeastern Land District of Louisiana, West of River in the Parish of Plaquemines, containing One Hundred and Forty (140) and 30/ioo acres, more or less.
Patent 8426, dated February 6,1902, in and to lands described as lot or fractional sections 11 and 13, fronting on the West Bank of Southwest Pass, and the east half of west half, and the west half of the east half 6f fractional section 5, in T. 23, S.R. 31, in the Southeastern District of Louisiana, West of River, Parish of Plaquemines, containing 305.26 acres. Lands described as West half of East half of section eight T. 23, S.R. 31, Southeastern District of Louisiana, West of River, containing 170 acres more or less.
Being part of a larger tract acquired by the Vendors herein from Albert W. Newlin, Admr. of the Succ. of Robt. M. White, and I. B. Rennyson, Auctioneer by act passed before Harold J. Rayl, Notary Public, Parish of Orleans, on Nov. 14, 1931, and registered in C.O.B. No. 72, Folio 110, of Plaquemines Parish.
2. Fractional Sections or lots 20, 21 and 22, in T. 24, S.R. 31. Being part of a larger tract of land acquired by the Vendor herein Mark Delesdernier from Albert W. Newlin, Admr. of the Succ. of Robt. M. White, and I. B. Rennyson, Auctioneer, by act passed before Harold J. Rayl, Notary Public, Parish of Orleans, on August 24,1931, and registered in C.O.B. No. 72, Folio 114, of Plaquemines Parish.
3. A certain tract of land situated on the left bank of the Mississippi River, and designated as unsurveyed lands on both sides of Scott Bayou rear lots 27 and 26 in T. 24, S.R. 31 E. containing 40 acres. All of Sec. 24, T. 24, S.R. 31 E. All of their rights titles and interest in and to the following described lands, to-wit:
One-half (V2) of lots or secs. 10 and 11, and unsurveyed Sea Marsh rear of lots or secs. 51 and 52 in T. 23, S.R. 31 E. One-half (V2) interest of the unsurveyed Sea Marsh rear of lots 50, 53, 54 and 55, fronting on the left bank of S.W. Pass, being lots 7, 8, 9 and 12, in T. 23, S.R. 31 E.
One-third (Vs) interest in all of the un-surveyed Sea Marsh W. of lot 1 to 15 fronting on the right bank of S.W. Pass, in T. 23, S.R. 31 E.
Being the same property which was acquired by the Vendors herein by purchase from Albert W. Newlin, Admr. of *588 the Succ. of Robt. M. White, and I. B. Rennyson, Auctioneer, by act passed before Harold J. Rayl, Notary Public, Parish of Orleans, on October 29th, 1931, and registered in C.O.B. No. 72, folio 106, of the Parish of Plaquemines. Excepting and reserving however, to the Vendors herein, all the oil and gas in the land sold, and to persons authorized by the vendors, the right to prospect for, mine, and remove such deposits from the same upon compliance with the conditions and subject to the provisions of sale.
Undivided Vs interest into lots or secs. 8, 9, and 10, in T. 23, S.R. 31 E.
Costs are to await final disposition of this matter.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. Plaintiffs right to participate in her grandparents succession and in that of her uncle Dr. George O. Delesdernier and her proportionate interest in all three is discernable by reviewing the family genealogy set forth in Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir. 1966).

. The same result is reached for different reasons in Gloria Delesdernier, wife of Paul Marchand, et al. v. Estate of Julia Loga, wife of George W. Delesdernier, et al., and Delesdernier Estates, Inc., No. 8665; Succession of George W. Delesdernier, No. 8666; and Succession of Mrs. Julia Theresa Loga, wife of George W. Delesdernier, No. 8667, La.App., 354 So.2d 576.