385 So.2d 349 (1980)
DAIGLE & ASSOCIATES, INC.
v.
Sylvia S. COLEMAN et al.
No. 13239.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
Rehearing Denied June 9, 1980.
Sanders Cazedessus, Baton Rouge, of counsel, for plaintiff-appellee Daigle & Associates, Inc.
Robert L. Kleinpeter, Baton Rouge, of counsel, for defendants-appellants R. E. Coleman and Sylvia S. Coleman.
Chapman L. Sanford, Baton Rouge, of counsel, for defendants-appellants/appellees Bernard Watson, Jr. and Rowena Dingman Watson.
Robert E. Tillery, in pro. per.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
This is a concursus proceeding convoked by a real estate broker, Daigle & Associates, Inc., Baton Rouge, to determine who is entitled to $5,000.00, which it deposited in the registry of court. The impleaded claimants are Bernard Watson, Jr. and Rowena Dingman Watson, husband and wife, Robert E. Coleman and Sylvia S. Coleman, husband and wife, and Robert E. Tillery. The trial court awarded the $5,000.00 to the Watsons. The Colemans and Tillery appealed. We reverse.
Mrs. Coleman hired Robert E. Tillery, a lawyer, to obtain a separation from bed and board from her husband. She paid Tillery the sum of $18,761.17, as an advance payment of fees and expenses, which he deposited in his client account. She needed a place for herself and her son to live, and after living at the Sheraton Hotel for a short time, she looked at apartments, and contacted plaintiff firm about purchasing a house. She agreed to buy the house that the Watsons owned and in which the Watsons had lived for a short time. However, the community had not been partitioned, or the judgment of separation obtained, for that matter. Mrs. Coleman agreed to enter into an agreement to purchase, which was *350 to bind the buyer to buy and the seller to sell, with a lease until the purchase was perfected. The agreement was to be in writing. Mrs. Coleman gave Tillery, her lawyer, a written general power of attorney prepared by a notary other than himself, which she clearly intended was to give him authority to sign the agreement to purchase in her name should she be absent. On the day the agreement to purchase was signed, Mrs. Coleman was unavailable, so Tillery signed the agreement for her as her attorney in fact. There is nothing that would indicate that the agreement to purchase contained any provisions at variance with Mrs. Coleman's intentions; in fact, it is clear that Mrs. Coleman entered into the discussions leading up to the signing of the agreement. The sum of $5,000.00 was deposited with Daigle & Associates as earnest money, with Tillery paying that sum by check on his attorney account. The power of attorney was not produced at the time the agreement to purchase was signed, and it did not contain express power to buy or sell immovables. Mrs. Coleman moved into the house, made arrangements about landscaping, repainted several rooms, and ordered some $150,000 of furniture for the house.
The judgment of separation was subsequently obtained. Later, Mr. and Mrs. Coleman became reconciled, and Mrs. Coleman stopped paying rent, and moved out of the house. She said she would not buy the house. The Watsons never had an act of sale prepared and never demanded that Mrs. Coleman, or Mr. and Mrs. Coleman, appear before a notary to execute an act of sale. Three days before the closing date, which was to be July 10, 1978, Daigle & Associates filed the present concursus proceeding, depositing $5000.00 in the registry of the court. On the same date, Daigle & Associates entered into a written settlement with the Watsons under which Daigle & Associates paid the Watsons $2,500.00 and the Watsons released Daigle & Associates from "... any and all liability...".
As the agreement to purchase was signed by Tillery as attorney in fact for Mrs. Coleman, and as Tillery did not have express authority to enter into purchases of immovable property or agreements to purchase immovable property, the contract was voidable. See LSA-C.C. art. 2996; Lake v. Le Jeune, 226 La. 48, 74 So.2d 899 (1954); Marchand v. Armstrong, 354 So.2d 581 (La. App. 4th Cir. 1978), writ denied 355 So.2d 254, 255, 256 (1978). The Colemans contend that the contract lacks validity. Yet, a contract entered into by an agent, though voidable for lack of authority to act, may be ratified by the principal. LSA-C.C. art. 3021; Skye Realty Co. v. Diversified Ins. Agency, Inc., 221 So.2d 871 (La.App. 3rd Cir. 1969). However, Skye concerned a lease of an office building. The purported contract in the present case is an agreement to purchase immovables. It has been held that an agreement to purchase affecting immovable property can be ratified only in writing. See Krupp v. Nelson, 50 So.2d 464 (La.App.Orl.1951). Furthermore, it was held in Noble v. Plouf, 154 La. 429, 97 So. 599 (1923), on an exception of no cause of action, that parol evidence would be inadmissible to prove ratification of a mineral lease if the matter were to be brought to trial, as a mineral lease created rights which were immovables.[1] The parol evidence which it was held could not have been introduced was evidence of acceptance of cash consideration by the principals and evidence of the principals' stating that the agent had full authority to enter into the mineral lease. In the present case neither Mr. Coleman nor Mrs. Coleman ever ratified *351 in writing the agreement to purchase. Parol evidence of ratification cannot be considered. Thus, as there was no binding contract upon the Colemans, because Tillery was without authority to sign the agreement to purchase, and as the contract was never effectively ratified by Mr. or Mrs. Coleman, there is no contract that can be enforced by the Watsons. There having been no contract, either the Colemans or Tillery are entitled to the $5,000.00 deposited as earnest money.
As Tillery has repeatedly promised to deliver the $5,000.00 to the Colemans if that sum is awarded to him (his having obtained a judgment against the Colemans for the amount of the purported deposit as well as attorney's fees), the question of whether the $5,000.00 should be awarded to the Colemans or Tillery is moot.
We reverse the holding of the trial court, and render judgment awarding the $5,000.00 to Robert E. Coleman and Sylvia S. Coleman, all costs to be paid from the fund on deposit in the registry of the court.
REVERSED AND RENDERED.
NOTES
[1] This is still the case under the Louisiana Mineral Code (LSA-R.S. 31:1 et seq., after a rather checkered history following the decision in Gulf Refining Co. v. Glassell, 186 La. 190, 171 So. 846 (1936). See Yiannopoulos, Movables and Immovables in Louisiana and Comparative Law, 22 La.L.Rev. 517, 551 et. seq. (1962). In Slay v. Smith, 368 So.2d 1144 (La.App. 3rd Cir. 1979), it was held that parol evidence would be inadmissible under the Mineral Code to prove transfer of an interest in certain sand and gravel leases, which were classified as incorporeal real rights (sand and gravel leases being covered by the Mineral Code, the scope of which includes gravel and soil. See LSA-R.S. 31:4).