396 So.2d 1270 (1981)
DAIGLE & ASSOCIATES, INC.
v.
Sylvia S. COLEMAN et al.
Nos. 80-C-1555, 80-C-1556.
Supreme Court of Louisiana.
April 6, 1981.
*1271 Chapman L. Sanford, Cangelosi & Sanford, Baton Rouge, for plaintiff-applicant and for plaintiffs-respondents.
Robert Kleinpeter, of Kleinpeter, Kleinpeter & Kleinpeter, Sanders Cazedessus, Baton Rouge, for defendants-respondents and for plaintiffs-respondents.
Robert E. Tillery, Baton Rouge, for defendants-respondents and in pro. per.
DENNIS, Justice.
This concursus proceeding was initiated when Daigle & Associates, Inc., a real estate broker, deposited in the trial court's registry $5000 it had received as earnest money in connection with the aborted sale of property, impleaded the parties to the unperformed contract to sell and required them to assert their respective claims to the fund contradictorily. The parties are the owners of the property, Mr. and Mrs. Bernard Watson, Jr., the proposed purchaser, Mrs. Sylvia Coleman, and the purchaser's attorney in fact, Mr. Robert E. Tillery, who signed the alleged contract to sell for Mrs. Coleman. The trial court found that the proposed purchaser, Mrs. Coleman, had breached a valid contract by refusing to go through with the sale and awarded the $5000 deposit to the owners, Mr. and Mrs. Watson. The court of appeal reversed, finding that the contract to sell was invalid because the general power of attorney signed by the proposed purchaser did not grant her attorney in fact power to buy or sell immovables. 385 So.2d 349 (La.App. 1st Cir. 1980).
We granted certiorari because the court of appeal failed to reform the power of attorney to conform to the parties' intentions although it found from the testimony that the prospective purchaser had intended to include authority to purchase the property in the power of attorney. Under our longstanding jurisprudence parol is admissible when there are allegations of fraud, error, or mistake, to show that the instrument is not the expression of the actual intention of the parties. E. g., Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965).
Upon our review of the evidence, however, we find that the result reached by the court of appeal is correct because its factual finding as to the proposed purchaser's intention was in error. Mrs. Coleman testified without contradiction that at the time she executed the power of attorney she only intended to grant authority to enter a contract giving her an option to purchase, not one obliging her to buy the property. She also testified that she understood the agreement her attorney in fact signed for her with the Watsons to contain an option to purchase, not to amount to a binding contract to purchase. Her attorney in fact testified that she orally agreed by telephone for him to execute a contract to purchase some ten days after the written power of attorney was executed. Other witnesses testified that she made statements after the power of attorney was signed to the effect that she intended to purchase the property. However, none of the witnesses testified that Mrs. Coleman intended to authorize her attorney in fact to obligate her to buy the property at the time she signed the power of attorney. Her intention to authorize her attorney in fact to enter a contract to purchase the property at the time she signed the power, rather than to secure an option to purchase, contrary to the terms of the written power of attorney, simply does not appear in the record.
We reject also relators' contention that Mrs. Coleman, in accordance with Civil Code Article 2275, verbally ratified by her testimony in this case her agent's transaction. Her testimony cannot be characterized as a ratification of the contract to sell, because she never conceded an intention to be obliged to purchase the property. She testified consistently that she merely intended to authorize her agent to obtain an option to buy the property. Accordingly, we pretermit the hypothetical question of whether Mrs. Coleman could have ratified her agent's transaction if her testimony had been different.
*1272 The Court of Appeal correctly rejected Tillery's claim as moot.
For the reasons assigned, the Court of Appeal judgment is affirmed.
AFFIRMED.
MARCUS, Justice (dissenting).
An agent's authority to purchase immovable property must be express and special and in writing. In the instant case, Tillery did not have express and special authority to purchase the immovable property in question. He had only a general power of attorney in writing. A principal may ratify the unauthorized actions of his agent. Where the authorization was in writing (general power of attorney), the principal may subsequently ratify a written agreement to purchase executed by the agent on his behalf by means other than in writing. I consider that Mrs. Coleman clearly did so by landscaping and painting the house without prior approval of the prospective sellers (Watsons) and by telling a furniture supplier that she had signed a purchase agreement to buy the house and that she desired him to help her furnish and decorate the house. Accordingly, I consider that Mrs. Coleman actively breached the contract when she refused to buy the property in question in accordance with the purchase agreement signed by her agent on her behalf. The trial judge was correct in awarding the $5,000 to the Watsons as liquidated damages. Accordingly, I respectfully dissent.
BLANCHE, Justice (concurring).
I concur, but take the liberty of making the following observation.
Given the facts that Mrs. Coleman moved into the house, made arrangements about landscaping, repainted several rooms and ordered some $150,000 of furniture for the house, I am sorely tempted to say that she has expressly ratified the actions of her agent. C.C. art. 3021.
However, every transfer of immovable property must be in writing, unless there is a judicial confession as to the verbal sale. C.C. art. 2275. Here, the writing was improperly performed as her agent only had a general power of attorney and, thus, he could not commit her to an act of ownership, for that power must be express. C.C. art. 2996. Nor was a judicial confession made as Mrs. Coleman steadfastly insisted she merely intended for her agent to obtain an option to buy the property, not to oblige her to purchase it.
Our strong codal policy of dealing with immovable property transfers in writing leads me to believe that Mrs. Coleman could only have expressly ratified her agent's action by meeting the requirements of art. 2275. Since the ratification was neither in writing nor judicially confessed, in spite of these strong facts, I do not believe she has expressly ratified her agent's actions in accordance with law.
LEMMON, Justice, dissenting.
I dissent for the reasons assigned by MARCUS, J.