411 So.2d 500 (1982)
EAST BANK REALTY, INC.
v.
Gayle ROBERT, et al.
No. 14523.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
*501 James O. Ervin, Baton Rouge, for plaintiff & appellee.
John Gutierrez, Gonzales, for defendant & appellee.
Gerard E. Kiefer, Baton Rouge, for defendant & appellant.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
East Bank Realty, Inc. filed a concursus proceeding to determine the proper owner of $10,000.00 it was holding in its escrow account, and which had been deposited with it by the prospective buyers of some property. Both the owners of the property and the prospective buyers claimed the money. The trial judge returned the $10,000.00 to the prospective buyers. The owners appealed.
The issues are evidence of the true cause of the contract and agency.
We affirm.
The owners of a tract of land in Ascension Parish listed their property with East Bank Realty. Gayle and Alvin Robert offered $10,000.00 for an option to purchase for $225,000.00. Four of the eight owners accepted the offer. The $10,000.00 deposit would be retained by the seller, if the sale was not closed within a stated time. The option contract described the property as containing 150.11 acres with 1120 feet of highway frontage on Highway 938.
Gayle Robert, who testified that road frontage was a prime consideration in acquiring the property, after signing the option found from a surveyor's map that the road frontage was approximately 580 feet. He and Alvin relisted the property with East Bank Realty, for the price of $295,000.00. *502 When they received no serious offers, they allowed the option to lapse.
Although there are no written reasons for judgment, the trial judge must have decided the option agreement was invalid due to the error in the amount of the road frontage or to the lack of signatures of all the property owners.
There was insufficient evidence to show the front footage. Although two maps were introduced, neither contains any footage measurements. Neither party has had a survey made to determine the actual footage. Therefore, error as to the quality of the property, even if it was a principal cause of the contract, does not invalidate the agreement.
Of the eight owners of the property, only four signed the option contract. Mr. Ogden, the only co-owner to testify at the trial, stated that another co-owner and co-signer, had been verbally granted the right to sign the option for the four non-signers. He further testified that all co-owners were ready to transfer title.
An option is considered an offer to sell, irrevocable for the term of the agreement. Goodyear Tire & Rubber Co. v. Ruiz, 367 So.2d 79 (La.App. 4th Cir. 1979). In a mandate, the power must be express and special when it relates to selling or buying property. La.C.C.Art. 2997.[1] A power of attorney to enter a contract relating to the alienation of real estate must be in writing. Lake v. LeJeune, 226 La. 48, 74 So.2d 899 (1954).
If the agency in a deed is not in writing, the transaction is not an absolute nullity that may be voided by third party attack, but is voidable by one of the parties to the act. Marchand v. Armstrong, 354 So.2d 581 (La.App. 4th Cir. 1977), writ denied, 355 So.2d 254, 255.
The only evidence of a ratification was Ogden's testimony that the non-signing co-owners were ready to transfer title. This evidence falls short of proving a ratification on the part of the four co-owners. See Daigle & Associates, Inc. v. Coleman, 396 So.2d 1270 (La.1981).
There was no binding contract. The trial court was correct in returning the $10,000.00 to the prospective buyers.
For these reasons, the decision of the trial court is affirmed with costs assessed to the appellants.
AFFIRMED.
NOTES
[1] La.C.C.Art. 2997:

"Thus the power must be express and special for the following purposes:
To sell or to buy.
To incumber or hypothecate.
To accept or reject a succession.
To contract a loan or acknowledge a debt.
To draw or indorse bills of exchange or promissory notes.
To compromise or refer a matter to arbitration.
To make a transaction in matters of litigation; and in general where things to be done are not merely acts of administration, or such as facilitate such acts."