490 So.2d 549 (1986)
Faye A. MORVANT
v.
Charles ARNOULT and Christie Arnoult.
No. CA 4946.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*550 Philip C. de Verges, New Orleans, for plaintiff.
Bruce M. Danner, Metairie, for defendants.
Before CIACCIO and WILLIAMS, JJ., and HUFFTJ. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
Plaintiff-appellant, Faye A. Morvant, filed a breach of contract action against defendants-appellees, Charles Arnoult and Christie Arnoult, alleging that the Arnoult's failure to secure financing in accordance with the terms and conditions set forth in an agreement to purchase appellant's immovable property, constituted a breach of contract which entitled appellant to withhold appellees' deposit. The defendants reconvened for return of the deposit and attorney's fees. The trial judge dismissed plaintiff-appellant's argument and ordered that the deposit be returned to appellees, with each party to bear their own costs and attorney's fees. In response to the court's judgment, appellees filed a Motion for a Partial New Trial requesting an amendment of the judgment to award costs, reasonable attorney's fees, and judicial interest in their favor, as well as expert witness fees. By judgment dated February 15, 1985, the trial court added judicial interest from the date of judicial demand to the judgment rendered on January 15, 1986, and awarded fifty dollars to each expert witness. From this judgment, plaintiff-appellant appealed. In addition, defendants-appellees assign as error the trial court's failure to award attorney's fees and costs and also ask that the expert witness fees be increased. We affirm.
On February 4, 1983, appellant, through her mother, Doris A. Morvant, as agent, and appellees executed an Agreement to Purchase or Sell immovable property owned by appellant, located at municipal number 1156 Orion Avenue in Jefferson Parish, La. Contained in the Purchase Agreement at Lines 13-14 is the following provision:
Should purchaser, seller or agent be unable to obtain the loan stipulated above within fifteen (15) days from acceptance hereof, this contract shall be null and void and the agent is hereby authorized to return the purchaser's deposit in full.
Appellees were unable to obtain the loan within the fifteen day period provided for in the Purchase Agreement, and the Act of Sale which was to be executed prior to April 2, 1983, never transpired. On March 3, 1983, approximately one month after the signing of the Purchase Agreement, by Power of Attorney executed by appellant as owner, appellant gave specific written authority to her mother, Faye A. Morvant, to sell the subject property on her behalf. Appellant now claims that on the basis of appellees' alleged breach of the aforementioned Purchase Agreement, appellees must forfeit the deposit amounting to $7,800.00, and, in addition, must pay appellant reasonable attorney's fees for the prosecution of her claim.
Although the Purchase Agreement executed on February 4, 1983, was signed by Doris A. Morvant on behalf of appellant, Faye A. Morvant, a written Power of Attorney was not executed by appellant until March 3, 1983. Furthermore, as previously recited, the Purchase Agreement provided that appellees were required to secure a loan on or before February 19, 1983 (within fifteen days of February 4), or the contract would be "null and void and the agent [would be] authorized to return the purchaser's *551 deposit in full." (Purchase Agreement, line 14). It is undisputed that appellees did not secure a loan in accordance with the terms of the Purchase Agreement.
The evidence shows that at the time the Purchase Agreement was signed on February 4, 1983, Doris Morvant did not have written authority to act for appellant. This court in Rebman v. Reed, 335 So.2d 37, 39 (La.App. 4th Cir.1976), held that a contract to sell immovable property, to be enforceable, must be in writing and must be signed by the buyer and seller, and if an agent executes the contract on behalf of the buyer or seller, the agent's authority must be expressed and in writing.
Where express authority to buy or sell immovable property is not in writing, the contract is voidable by a party to the act, although not subject to attack by a third party. East Bank Realty, Inc. v. Robert, 411 So.2d 500 (La.App. 1st Cir. 1982); Marchand v. Armstrong, 354 So.2d 581 (La.App. 1st Cir.1977). A contract by an agent to buy or sell immovable property which is voidable for lack of authority may be ratified by the principal but the contract can be ratified only in writing. La.C.C. art. 3021; Daigle & Associates, Inc. v. Coleman, 385 So.2d 349 (La.App. 1st Cir.1980). In order to prove that the contract is not void where the agent had no written authority to execute the contract on behalf of the principal, the principal must prove that the contract was ratified.
In the instant case, Doris A. Morvant did not have written authority to execute the Purchase Agreement for sale of the subject property on behalf of her daughter, appellant, until the Power of Attorney was executed on March 3, 1983. Accordingly, the Purchase Agreement was voidable at least through March 3, 1983. In addition, because appellant was not obligated to sell the subject property until her alleged ratification on March 3, 1983, appellees were similarly not obligated to perform any of the terms and conditions of the Purchase Agreement during the period from February 4, 1983 until March 3, 1983.
Although the trial court found that appellees did in fact make reasonable and valid efforts to secure a loan within the time period provided in the Purchase Agreement, this finding is not relevant to our holding that the contract was not enforceable. As previously stated, appellees were not obligated to attempt to secure financing. The Purchase Agreement, by its own terms, became null and void when appellees were unable to secure financing within the fifteen day period provided. Because appellant, the seller, had not signed the contract, the contract was unenforceable until ratified. The appellant sought to execute the contract through her mother who only had verbal authority to do so. When appellees failed to secure financing on or before February 19, 1983, the Purchase Agreement became null and void. Although a principal can subsequently ratify an act of his agent, such ratification cannot take place where, as in the instant case, the agreement by its very terms expired prior to the ratification.
Appellant also argues that if the Purchase Agreement was null and void, then Doris A. Morvant should be recognized as plaintiff-intervenor. On November 9, 1983, Doris A. Morvant filed a Petition of Intervention in an attempt to be recognized as an "alternative" plaintiff. Doris Morvant asserted appellant's rights for the sued upon damages. She did not assert an independent cause of action. In order to intervene in a pending suit, the intervenor must have a "justiciable" right to protect. La.C.C.Pro. Art. 1091; State Board of Medical Examiners v. McHenery, 69 So.2d 592 (La.1954).
Doris Morvant did not allege any ownership or other proprietary interest which would provide her a right to assert any claim against appellees. Consequently, Doris Morvant has no right of action to assert appellant's rights.

Attorney's Fees and Expert Witness Fees
With respect to the issue of attorney's fees, the general rule, La.C.C. Art. *552 3198, is that attorney's fees are not recoverable. Furthermore, attorney's fees are not recoverable in the absence of a statutory or contractual provision. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985).
The Purchase Agreement in the instant case provided as follows:
Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all reasonable attorney's fees and costs incurred by the other party and/or agent enforcing their respective rights.
Appellees argue that in light of the above quoted provision of the Purchase Agreement, attorney's fees and costs should be awarded in this case. We disagree. Under the facts of the instant case, for the foregoing reasons, the subject Purchase Agreement, including its terms and conditions, was unenforceable. Consequently, attorney's fees and costs cannot be awarded based on a provision of an unenforceable contract.
Finally, appellees request that the expert witness fees be increased. The amount of an expert witness fee lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Kalmn, Inc. v. Empiregas Corp., 406 So.2d 276 (La.App. 1st Cir.1981). We find no abuse of discretion.
Accordingly, for the reasons assigned, we affirm the trial court's ruling in favor of defendants-appellees including judicial interest from the date of judicial demand. In addition, we affirm the award of fifty dollars ($50.00) to each expert witness.
AFFIRMED.