Stanley D. FEJTA and Ronald A. Mentel, Sr. Plaintiffs-Appellees,

v.

GAF COMPANIES, INC., a Georgia Corporation, Defendant-Appellant.

REAL ESTATE SPECIALISTS, INC. Plaintiff-Appellee,

v.

GAF COMPANIES, INC., a Georgia Corporation, Defendant-Appellant.

No. 86–3062.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1986.

Stephen M. Bernstein, New Orleans, La., for defendant-appellant.

Melvin W. Mathes, New Orleans, La., for Fejta.

William W. Hall, S. Guy Delaup, Metairie, La., for Real Estate Specialists, Inc.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

PER CURIAM:

Appellees, Fejta and Mentel, executed a written contract to sell a parcel of land located in Mandeville, Louisiana, to appellant, GAF Companies, Inc. (GAF). Mentel did not sign the contract to sell. Instead, for purposes of convenience, Fejta signed Mentel's name to the contract. After finding that the contract was enforceable, that Fejta and Mentel tendered title to the property at closing, and that GAF refused to accept title, the trial court entered judgment against GAF for the earnest money plus costs and interest. The trial court also entered judgment against GAF in favor of one of the brokers, Real Estate Specialists, Inc. GAF appeals. Finding that Fejta was not authorized in writing to act as Mentel's agent, that Mentel did not ratify the contract in writing, and that, although GAF raised the issue of agency for the first time at trial, Fejta and Mental impliedly consented to try the issue of agency pursuant to Fed.R.Civ.P. 15(b), we REVERSE.

Under Louisiana law, which we are bound in this case to apply, if an agent executes a contract to sell immovable property on behalf of the seller, "the agent's authority must be express and in writing." *Rebman v. Reed*, 335 So.2d 37, 39 (La.Ct. App.1976) (citing La.Civ. Code Ann. arts 2275, 2776, 2992 2997; *Turner v. Snype*, 162 La. 117, 110 So. 109 (1926); *Krupp v. Nelson*, 50 So.2d 464, 467 (La.Ct.App. 1975)), *writ denied*, 338 So.2d 699 (La. 1976). In the instant case there is no evidence that Mentel authorized Fejta in writing to sign the contract to sell on Mentel's behalf. In fact, Mentel himself testified that he had "no specific remembrance of ... authorizing somebody to sign." (R. Vol. 2 p. 105). Therefore, it would appear that Fejta was not authorized to act as Mentel's agent in transacting the sale. However, "a contract entered into by an agent, though voidable for lack of authority to act, may be ratified by the principal." *Daigle & Assoc., Inc. v. Coleman*, 385 So.2d 349, 350 (La.Ct.App.1980) (citations omitted). "It has been held that an agreement to purchase affecting immovable property can be ratified only in writing." *Id.* (citing *Krupp v. Nelson*, 50 So.2d 464 (La.Ct.App.1951)). In the instant case there was no written ratification of the contract to sell. Because Fejta was not authorized in writing to act as Mentel's agent in transacting the sale, and because Mentel did not ratify the contract to sell in writing, it follows that unless GAF waived the issue of agency by raising the issue for the first time at trial, the contract to sell was unenforceable.

■ Fejta and Mentel argue in their brief on appeal that GAF waived the agency issue by raising the issue for the first time at trial. While it is true that GAF did not raise the agency issue prior to trial, we find that Fejta and Mentel impliedly consented to try the agency issue pursuant to Fed.R.Civ.P. 15(b). Fejta and Mentel failed to object at any time during the questioning of Mentel by GAF concerning whether Mentel had signed the contract, and whether Mentel had authorized Fejta to sign the contract for Mentel. (R. Vol. 2 pp. 101–17). In fact, Fejta and Mentel sought to establish through questioning of their own that Mentel had orally authorized Fejta to sign the contract on Mentel's behalf. (R. Vol 2 p. 111). We find, therefore, that Fejta and Mentel impliedly agreed to try the agency issue.

■ Because no writing was entered into evidence either authorizing Fejta to act as Mentel's agent in transacting the sale or ratifying the contract, and because Fejta

and Mentel impliedly consented to try the agency issue pursuant to Fed.R.Civ.P. 15(b), we find that under Louisiana law the contract to sell was unenforceable.[1]

The district court's judgment is **REVERSED**.

---

1. Because the contract was unenforceable, *Real Estate Specialists, Inc.,* is not entitled to recover its real estate commission against GAF.