523 So.2d 865 (1988)
PLACID REFINING COMPANY
v.
W.R. "Dick" PRIVETTE and Samuel F. Eakin.
No. 86 CA 1077.
Court of Appeal of Louisiana, First Circuit.
January 15, 1988.
On Rehearing March 24, 1988.
Writ Denied May 13, 1988.
S. Daniel Meeks, New Orleans, for plaintiff-appellee Placid Refining Co.
Donald L. Beckner, Baton Rouge, for defendant-appellant Guy L. Deano, Jr., Testamentary Executor of the Succession of William Richard Privette, Jr.
Before LOTTINGER, WATKINS, CARTER and ALFORD, JJ., and CHIASSON[*], J. Pro Tem.
WATKINS, Judge.
This is an appeal from the granting of a summary judgment in favor of Placid Refining Company (Placid) against the succession of the now deceased William Richard Privette, Jr. Since we find a genuine issue of material fact, we reverse.

FACTS
This is a collection suit filed by Placid against Privette, and Samuel Eakin. The action arose out of the failure of Intracoastal Oil Company of New Roads, Inc. (Intracoastal) to pay a debt owed to Placid for purchases of refined petroleum products, *866 which debt was allegedly guaranteed by Privette and Eakin.
Intracoastal requested a credit account with Placid and pursuant to that request Intracoastal completed a credit application. The credit application specifically requested a $150,000 credit limit. As a condition to extending such credit, Placid required both Privette and Eakin to execute a continuing guaranty which read as follows:
TO THE PLACID REFINING COMPANY
Please sell and deliver to INTRACOASTAL OIL COMPANY OF NEW ROADS, INC. 900 East Park Ave. of Houma, Louisiana 70360, on your usual credit terms, such goods, wares and merchandise as he, from time to time, may select, and in consideration thereof I hereby guarantee and hold myself personally responsible for the payment at maturity of the purchase price of all such goods, wares and merchandise sold and delivered whether evidenced by open account, acceptance, note or otherwise. I hereby waive notice of acceptance hereof amount of sale, dates of shipment or delivery, notice of default in payment and legal proceedings against the purchaser.
This is intended to be a continuing guarantee applying to all sales, made by you to said Intracoastal Oil Co. of New Roads, Inc. from March 17, 1983 until same is revoked by me in writing.
Witness my hand and seal this 24th day of March 1983.
 /s/ W.R. (Dick) Privette
 W.R. (Dick) Privette
 /s/ Samuel F. Eakin
 Samuel F. Eakin
Notary Public
/s/ David S. Bell
The continuing guaranty set forth above was signed by both Privette, and Eakin on March 24, 1983, and contained no limits. The Affidavit testimony of Privette and Eakin states that their intention was to limit the continuing guaranty to $150,000. Their testimony is supported by that of Placid's credit manager, J.D. Langford. Mr. Langford's deposition testimony stated that it was Placid's intention that the credit extended to Intracoastal be approximately $150,000. It was also Mr. Langford's understanding that the agreement between Privette and Placid was represented by the request for credit, the continuing guaranty and the credit authorization form which was not submitted into evidence.
After approval of credit, Placid sent Intracoastal credit cards which could be used at any time to make purchases. Any person in possession of the card could obtain products from Placid.
A short time after receiving credit from Placid, Intracoastal was placed in judicial Receivership on the petition of Sylvia R. Roberts, who was appointed Receiver on April 8, 1983.
From April 8, 1983 until service was terminated, Sylvia Roberts made purchases from Placid using the credit card issued to Intracoastal.
On April 9, 1983, Mr. Privette called Placid to notify Placid of his revocation of the continuing guaranty and to request that they extend no more credit to Intracoastal based on that guarantee. The testimony of Mr. Langford clearly indicates that Placid did receive such notification and that Mr. Privette was assured that credit was being terminated immediately through their computer.
Notwithstanding, the notification to cease credit, additional purchases were made from April 9 until Placid ceased credit on April 15, 1983.
Placid originally instituted suit on August 10, 1983, in the United States District Court for the Eastern District of Louisiana. The complaint against Messrs. Privette and Eakin sought recovery for the entire balance then due from Intracoastal, including attorney's fees. The action was ultimately dismissed, after judgment in favor of Placid, for lack of subject matter jurisdiction.
Thereafter, Placid reinstituted litigation in the 18th Judicial District Court, Parish of West Baton Rouge. It was subsequently transferred to the 19th Judicial District Court in and for the Parish of East Baton Rouge, on May 8, 1985.
*867 During the pendency of the litigation Mr. Privette died, and Mr. Guy L. Deano, Jr., Testamentary Executor of the estate of Mr. Privette, substituted himself as party defendant.
On May 8, 1986 Placid filed a motion for summary judgment seeking judgment against Messrs. Privette and Eakin for all sales from Placid to Intracoastal without limitation as to amount. These sales included those made to Intracoastal after Mr. Privette orally revoked his guaranty and requested that credit be terminated. The motion for summary judgment was later dismissed as to Eakin.
On June 13, 1986, after a hearing on the matter, the trial court granted summary judgment in favor of Placid and against Privette in the amount of $354,563.39, plus interest from date of judicial demand. The court found that the continuing guaranty was not ambiguous and had no limitation. Furthermore, the court determined that both Mr. Privette and Mr. Eakin were solidarily liable on the continuing guaranty. The court also held that the oral cancellation of credit by Mr. Privette was not effective over a specific provision in the guaranty agreement providing for written revocation. Finally, the court held that Mr. Privette was not liable for attorney's fees. On July 8, 1986, Mr. Privette filed a devolutive appeal from that judgment.
The appellant sets forth three assignments of error to the court. The first is whether the trial court erred in failing to find that there was a genuine issue of material fact on the question of whether the continuing guaranty was to be for an unlimited amount. Second, whether Messrs. Privette and Eakin were liable in solido, and finally, whether Mr. Privette's oral cancellation of his guaranty was an effective revocation. The question of attorney's fees has not been raised on appeal.

Parol Evidence
Before reaching the question of whether there is a genuine issue of material fact we must decide what evidence may be considered in interpreting a contract between parties. The trial judge failed to state whether he considered parol evidence in making his interpretation of the contract, however his statement that the contract was unambiguous leads us to believe that no parol evidence was considered. Therefore, the first question is whether parol evidence may be admitted in this case to interpret the guaranty agreement, which is admittedly unambiguous.
The law provides that suretyship cannot be presumed. An agreement to become a surety must be expressed, and must be construed within the limits intended by the parties to the agreement. See LSA-C. C. art. 3039. The Louisiana Supreme Court has stated the following with respect to contracts of guaranty:
Contracts of guaranty or suretyship are subject to same rules of interpretation as contracts in general; citing American Bank & Trust Co. v. Blue Bird Restaurant & Lounge, Inc., 279 So.2d 720 (La. App. 1st Cir.1973), aff'd, 290 So.2d 302 (La.1974). Agreements legally entered into have the effect of laws on those who formed them and must be performed with good faith. Former La.Civ.Code art. 1901. Courts are bound to give legal effect to all such contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when these are clear and explicit and lead to no absurd consequences.
Ferrell v. South Central Bell, 403 So.2d 698, 700 (La.1981).
"Although LSA-C.C. Art. 2276 prohibits parol evidence "against or beyond" what is contained in a written act, this prohibition has not been interpreted by our courts as an absolute prohibition against parol evidence in a suit on a written contract." Land and Offshore Co. v. Martin, 469 So.2d 1177, 1181 (La. App. 3d Cir.1985).
A well established exception to the parol evidence rule provides that: "Between the parties to an instrument, parol evidence is admissible `to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or to show that the writing is only a part of *868 an entire oral contract between the parties.' " Scafidi v. Johnson, 420 So.2d 1113, 1115 (La.1982), quoting Gulf States Finance Corporation v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965). See also Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087, (La.1981); Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir. 1982), writ denied, 422 So.2d 423 (La.1982); Mitchell v. Clark, 448 So.2d 681 (La.1984).
The need for such a rule is never so clear than in cases where the contract does not represent the true intent of the parties.
"In interpreting contractual provisions about which there exists some doubt, a court must seek the true intention of the parties, even, if to do so necessitates a departure from the literal meaning of the terms of the agreement." Land and Offshore Co., supra; citing Monsur v. Chaddick, 274 So.2d 499 (La.App. 3d Cir.1973). In such cases, the law is never so inflexible as to bind parties to a contract which neither intended.
Applying these principles of contract law, we conclude that a mistake may have been made in the drafting of the contract and parol evidence should be admitted to determine the true intent of the parties. The established method of resolving a mutual mistake in a contract is reformation of the agreement to reflect the true intent of the parties. First State Bank & Trust Company of East Baton Rouge Parish v. Seven Gables, Inc., 501 So.2d 280 (La.App. 1st Cir.1986); Daigle & Associates, Inc. v. Coleman, 396 So.2d 1270 (La. 1981); Valhi, supra. As stated by the court in Seven Gables, supra:
A written instrument may be reformed against the original parties and their privies to correct an error or mistake in the contract, so as to make it accurately express the true intent and agreement of the parties. See Daigle & Assocs., Inc. v. Coleman, 396 So.2d 1270, 1271 (La. 1981); Reynaud v. Bullock, 195 La. 86, 196 So. 29, 34 (1940); Fontenot v. Lewis, 215 So.2d 161, 163 (La.App. 3d Cir.1968); Walker v. Jim Austin Motor Co., 162 So.2d 135, 138 (La.App. 1st Cir.), writ refused, 246 La. 354, 164 So.2d 353 (1964); Comment, Reformation of Instruments in Louisiana, 30 Tul.L.Rev. 486, 495 (1956). The error or mistake must be mutual. Reynaud v. Bullock, 196 So. at 34. Before an instrument will be reformed, there must be clear proof of the antecedent agreement as well as the error in committing it to writing. Ker v. Evershed, 41 La.Ann. 15, 18, 6 So. 566 (1889); Price v. Taylor, 139 So.2d 230, 234 (La.App. 1st Cir.1962). The burden is on the one seeking reformation to prove the error alleged by clear and convincing evidence. See Agurs v. Holt, 232 La. 1026, 95 So.2d 644, 645 (1957); Reynaud v. Bullock, 196 So. at 34; Walker v. Jim Austin Motor Co., 162 So.2d at 138. The parol evidence is not offered to vary the terms of the written instrument but rather to show that the writing does not express the true intent or agreement of the parties. Valhi, Inc. v. Zapata Corp., 365 So.2d 867, 870 (La.App. 4th Cir.1978). As one commentator has noted: "Because mistake in expressing the terms of a written transaction is so common, it would be intolerable to refuse correction of the writing." Comment, Parol Evidence in Louisiana, 47 Tul.L. Rev. 381, 386 (1973).
Seven Gables, supra, at 285.

Summary Judgment
The next issue is whether, considering the evidence submitted, there is a genuine issue of material fact before the court.
A motion for summary judgment is properly granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C. C.P. art. 966; Dixie Campers, supra; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Chaisson v. Domingue, 372 So. 2d 1225 (La.1979). Furthermore the law provides that:
The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Mashburn v. Collin, 355 So.2d *869 879 (La.1977). And where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Mashburn v. Collin, supra; United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); 6 Moore's Federal Practice, § 56.15[1]; Green v. Southern Bell Tel. & Tel. Co., 204 So.2d 648 (La.App. 3d Cir.1968).
Duvalle v. Lake Kenilworth, Inc., 396 So. 2d 1268, 1269 (La.1981).
Privette contends that as the application for credit with Placid shows that it was his intention to guarantee the credit extended to the limit of $150,000, and since the guaranty contains no such limit it does not represent the true agreement of the parties. Although Placid argues that the guaranty agreement is clear and unambiguous and contains no limitation and, therefore, should be enforced as written, the deposition of Placid's credit manager, Mr. Langford, leads us to believe that it was Placid's understanding that the credit agreement was to be limited to $150,000. It appears, therefore, that the unlimited continuing guaranty agreement signed by Privette may not in fact represent the full agreement of the parties. This is a genuine fact issue which must be resolved, and parol evidence may be considered.
Since the intention of the parties as to the amount of the continuing guaranty is a material fact as to which there is a genuine issue, the motion for summary judgment holding the defendant liable for the entire amount charged should have been denied.
In view of the decision we have reached on the first assignment of error it is not necessary for us to address the remaining assignments.
For the reasons stated above, the judgment of the trial court is reversed. The proceeding is remanded. Assessment of costs to await the final disposition.
REVERSED AND REMANDED.
CARTER, J., dissents.

ON REHEARING
WATKINS, Judge.
We granted a rehearing to address appellee's contention that our original decision was based upon evidence which had not properly been introduced into the record.
The deposition excerpt of Mr. James D. Langford, and the affidavits of Messers. Eakin and Privette, located on pages 338-346 and 354-363 of the record, were not properly introduced into evidence. The defendant failed to introduce his memorandum in opposition to the motion for summary judgment to which were attached the affidavits and deposition testimony. A close study of the record leads us to believe that the memorandum and attachments were available at the time of the hearing on the motion for summary judgment, however, through inadvertance, were not properly introduced. Because this evidence was not properly introduced, we may not consider it. An appellate court may not consider evidence which is outside that record. Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965); Capitol Drilling Co. v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986).
We further find that without the affidavits and deposition testimony there is insufficient evidence to establish an issue of material fact. In accordance with these findings we vacate our previous decision based on this extraneous evidence.
However, in the interest of justice, we remand the case to the trial court for the admission of the affidavits of Messers. Eakin and Privette and the deposition of Mr. James D. Langford and for its reconsideration of the motion for summary judgment. "The court of appeal may remand a case to the trial court for the taking of additional evidence where it is necessary to reach a just decision." LSA-C.C.P. arts. 2082 and 2164; Kliebert v. Arceneaux Air Conditioning, Inc., 439 So.2d 486 (La.App. 1st Cir.1983). See also Richard v. Broussard, 482 So.2d 729 (La.App. 1st Cir.1985), writ *870 granted, 488 So.2d 190, affirmed on other grounds, 495 So.2d 1291 (La.1986); McCullough v. Hart, 424 So.2d 531 (La.App. 5th Cir.1982); Succession of Brice, 390 So.2d 905 (La.App. 2d Cir.1980).
Accordingly, the judgment of the trial court signed June 20, 1986, granting summary judgment is hereby vacated. The matter is remanded for further proceedings in accordance with the views expressed herein.
JUDGMENT VACATED AND REMANDED.
CARTER, J., dissents, being of the opinion that the judgment of the trial court should be affirmed.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this Court by the Supreme Court of Louisiana, to fill the vacancy created by the death of Judge John S. Covington.