551 So.2d 47 (1989)
Cedric L. BLACKWELL, Sr., et al.
v.
The HANOVER INSURANCE COMPANY, et al.
No. 88 CA 1034.
Court of Appeals of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
*48 Donald R. Smith, Baton Rouge, for plaintiff-appellant Cedric L. Blackwell, et al.
R. Michael Caldwell, Baton Rouge, for defendant-appellee Hanover Ins. Co., et al.
Before COVINGTON, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Cedric L. Blackwell, Sr. (Blackwell) and Claire M. Blackwell (plaintiffs) filed suit against Hanover Insurance Company and Owner's Association of Pecan Alley, Inc. (defendants), alleging that Blackwell was injured when he slipped on a step leading from a Pecan Alley condominium unit down to the patio adjoining the condominium unit. Blackwell was moving into the unit before he signed a lease-purchase agreement. Under Article IX of the Condominium Declaration for Pecan Alley, the step in question would be defined as a "limited use area," which is included as part of the "limited common elements." Defendants answered plaintiffs' petition denying that Owner's Association owned the premises or had any control over it, and filed a third party petition against Ronald Richard, alleging that he owned the unit and was responsible for its construction and design as well. Richard answered the third party demand denying any liability. Plaintiffs filed a supplemental and amending petition naming Ronald A. Richard and Karen L. Richard as additional defendants, and also naming S & R Construction Company, Inc., and Holmes-Richard Properties, Inc., as defendants, both companies allegedly owned by Ronald A. Richard. The supplemental and amending petition has never been answered.
Defendants moved for summary judgment, alleging that Owner's Association did not have the use of, custody of, or control of the limited common area and that exclusive control of the area was vested in the unit owner. The trial court found for defendants, interpreting Article IX of the Condominium Declaration, which placed responsibility *49 for "maintenance, upkeep and repair" of the "limited use area" on the individual unit owner, to mean that the Owner's Association did not have custody of the area. Plaintiffs' motion for new trial was denied, and they have appealed.
Condominium, regulated in Louisiana under LSA-R.S. 9:1121.101 through 1124.115, the Louisiana Condominium Act, is a unique form of ownership. Condominium is defined under the Act as "the property regime under which portions of immovable property are subject to individual ownership and the remainder thereof is owned in indivision by such unit owners." The unit is subject to individual ownership; the common elements are defined as the portion of the condominium property not a part of the individual units; and the limited common elements are those common elements reserved in the Condominium Declaration for the exclusive use of a certain unit or certain units. The term "limited common elements" became widespread in condominium documentation as an attempt to separate certain common elements and designate them for the exclusive use of less than all of the unit owners, thus bridging an imaginary gap between type of ownership and type of use. Theriot, Louisiana Condominium Act of 1974, 35 La.L.Rev. 1204, 1207 (1974). In the Louisiana Condominium Act, the term was used not to perpetuate the misconception that the type of ownership determines the use, but rather to facilitate the drafting of condominium documents. Theriot, Id.
The "association of unit owners" is defined as a corporation, or unincorporated association, owned by or composed of the unit owners and through which the unit owners manage and regulate the condominium. Here, liability was asserted against both the Owner's Association and the Richards under theories of strict liability and negligence. Further, liability was asserted against the Richards under LSA-C.C. art. 2322, as they are alleged to be owners of the building. The Owner's Association is likewise alleged to be liable solidarily with all other defendants because of its capacity as agent for all the unit owners. Hanover Insurance Company is asserted to have issued a policy of liability insurance affording coverage to the Owner's Association and "others directly responsible."
Allocating liability for torts between the Owner's Association, a collection of unit owners to which typically responsibility for the common elements is delegated, and between individual owners, who understandably want to limit their liability for torts which involve the common elements, presents difficulties. An initial draft of the Louisiana Condominium Act contained a section limiting a unit owner's personal liability for claims involving the common elements, not including the limited common elements. However, the section was deleted by the Law Institute Council, which believed the burden should be placed on the Association to buy adequate insurance to insure against potential liability in tort. Theriot, supra, at 1233. The Louisiana Condominium Act requires that comprehensive general liability insurance be maintained, "covering all occurrences commonly insured against for death, bodily injury and property damage arising out of or in connection with the use, ownership or maintenance of the common elements." It further requires that insurance policies must provide that each unit owner is an insured person under the policy "with respect to liability arising out of his ownership of an individual interest in the common elements or membership in the association." LSR.S. 9:1123.112(C)(1).
The insurance policy issued by Hanover is not a part of the record and was not produced during the hearing on the motion for summary judgment. Although the motion for summary judgment makes reference to exhibits which were attached, including the insurance policy, our review of the record indicates the exhibits were never actually filed. We cannot consider documents not properly introduced into evidence. Placid Refining Company v. Privette, 523 So.2d 865 (La. App. 1st Cir.), writ denied, 524 So.2d 748 (La. 1988). Since the Louisiana Condominium Act mandates insurance coverage for claims arising out of the common elements both for unit owners as owners of an individual *50 interest, or as members of the Homeowners' Association, defendants' motion for summary judgment should have been denied. Coverage either to the Richards, as owners of the individual unit with its "limited use area," or to the Richards as members of the Homeowners' Association, will yield the same result: for liability arising out of the common elements, an innocent third party will have some sort of recourse against a responsible party. Even though the question of control over the limited common elements is ambiguous, it is still clear that, by definition, limited common elements are part of the common elements, and any liability which arises as a result of the limited common elements should be an insured risk.
Article IX of the Condominium Declaration, upon which the trial judge relied in granting defendants' motion for summary judgment, places responsibility for maintenance, upkeep and repair of a "limited use area" on the unit owner to whom this area is reserved. The Louisiana Condominium Act provides that condominium declarations and by-laws shall have the force of law between the individual unit owners. (Emphasis added.) It may be that the Association as such is not liable for the limited use area. That makes no difference to these plaintiffs because, by statute, the Association must maintain insurance insuring the Richards either as unit owners or as members of the Association. Any provisions in the Hanover Insurance policy to the contrary derogate from that statutory mandate, should be reformed, and cannot be invoked against third parties.
We find that under LSA-C.C.P. art. 966, defendants are not entitled to judgment as a matter of law. The judgment of the trial court is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to defendants.
REVERSED AND REMANDED.