liBOWES, Judge.
Plaintiff/appellant, Toni Jean Lussan (“Lussan”), appeals a summary judgment in favor of State Farm Insurance Company (“State Farm”) dismissing her claim against them. We reverse and remand.

FACTS

On November 29, 1991, while visiting her parents’ condominium, Lussan slipped and fell on the front step area of that condominium. Lussan brought suit for injuries suffered against her parents as owners of the individual unit; against State Farm as the liability insurer of the elder Lussans; against Contempra I Inc., and/or Contempra II Condominium Inc, Rthe alleged condominium associations; and against the fictitious entity ABC Insurance Company as the liability insurer of Contempra I and/or Contempra II. State Farm answered the lawsuit, denying coverage.
State Farm had issued a condominium/association policy of insurance in favor of Con-tempra I,[1] the actual condominium association involved. Following discovery, State Farm moved for summary judgment in its favor, alleging that the insurance policy which it had issued excluded coverage for an accident occurring at that front step area. The motion was accompanied by a supporting memorandum, a certified copy of the insurance policy in question, a copy of portions of Lussan’s deposition, affidavits, photographs, and a copy of the “Declarations, Conditions and Restrictions of Contempra I Inc.” Plaintiff opposed the motion by memorandum only.
Following oral argument, the court rendered judgment in favor of State Farm, dismissing plaintiffs case against them. There are no reasons for judgment in the record.
In the motion for summary judgment as in the present appeal, State Farm relied on the following policy exclusion:
Section II. DESIGNATION OF INSURED
* * * * * ⅜
2. Each of the following is also an insured:
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
|3e. each individual unit-owner of the insured condominium, but only for liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that unit-owner’s exclusive use or occupancy.
Lussan argues on appeal that the issue in the present case is one of control, and that the step area is not clearly excluded in the insurance policy. She asserts that the only control which can be exclusively exercised by the unit owner is within the four walls of the unit itself.

*832
STANDARD OF REVIEW

Our task in reviewing summary judgments has been defined numerous times. Recently our Supreme Court has stated:
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., 639 So.2d 730 (La.1994).
This Court has stated in Miller v. Saunders, 94-338 (La.App. 5th Cir. 10/25/94), 645 So.2d 777 thusly:
As for summary judgment, although it may be a useful procedural device for disposing of truly unmeritorious or frivolous suits, its use is not appropriate where there exists any dispute as to any material fact. La.C.C.P. art. 966. When such relief is sought, the moving party bears the burden of showing that there are no material facts in dispute and, further, that he is entitled to judgment as a matter of law. Any doubt as to facts or law must be resolved against the moving party and in favor of trial on the merits, (citations omitted).
■ * * * * * *
-Li
... Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Vermilion [Corp. v. Vaughn], 397 So.2d [490] at 493 [ (La.1981) ]; Pace [v. Zilka], 484 So.2d [771] at 773 [ (La.App. 1 Cir.1986) ].
If the court determines that the moving party has met this onerous burden, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Sanders [v. Hercules Sheet Metal, Inc.], supra [385 So.2d 772 (La.1980) ]. Smith, supra. [Emphasis added].
With these criteria for review in mind, we must examine the particular case before us.

ANALYSIS

A. Insurance Policy Terms
La. 9:1123.112 provides in pertinent part as follows:
A. Commencing not later than the time of the first conveyance of a unit to a person other than a declarant, the association shall maintain, to the extent reasonably available:
(1) Property insurance of the common elements and units, exclusive of improvements and betterments installed in units by unit owners, insuring against all risks of direct physical loss commonly insured against....
(2) Comprehensive general liability insurance, including medical payments insurance, in an amount determined by the executive board but not less than any amount specified in the declaration, covering all l50ccurrences commonly insured against for death, bodily injury, and property damage arising out of or in connection with the use, ownership, or maintenance of the common elements.
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
C. Insurance policies carried pursuant to Subsection A must provide that:
(1) Each unit owner is an insured person under the policy with respect to liability arising out of his ownership of an individual interest in the common elements or membership in the association.
⅜ ⅜ ⅜ ⅜; ¾: ⅜
E. An insurance policy issued to the association does not prevent a unit owner from obtaining insurance for his own benefit.
Here, the plaintiff-appellant avers that the present matter is governed by Blackwell v. Hanover Ins. Co., 551 So.2d 47 (La.App. 1 Cir.1989). There, in a factually similar case, the insurer of the condominium association, which had an almost identical clause in its policy as is relied on by State Farm here, had obtained summary judgment in its favor *833 in the district court, averring that the step where the plaintiff had slipped was in the exclusive control of the unit owner. The appellate court reversed, finding that the step was defined, in the condominium declaration, as a “limited common element.” The court held that the condominium association is obliged under La.R.S. 9:1121.101, et al. to maintain insurance on behalf of each unit owner and as a result, the insurer for the lecondominium association could not be dismissed via summary judgment. The court stated:
Since the Louisiana Condominium Act mandates insurance coverage for claims arising out of the common elements both for unit owners as owners of an individual interest, or as members of the Homeowners’ Association, defendants’ motion for summary judgment should have been denied. Coverage either to the Richards, as owners of the individual unit with its ‘limited use area,’ or to the Richards as members of the Homeowners’ Association, will yield the same result: for liability arising out of the common elements, an innocent third party will have some sort of recourse against a responsible party. Even though the question of control over the limited common elements is ambiguous, it is still clear that, by definition, limited common elements are part of the common elements, and any liability which arises as a result of the limited common elements should be an insured risk.
Article IX of the Condominium Declaration, upon which the trial judge relied in granting defendants’ motion for summary judgment, places responsibility for maintenance, upkeep and repair of a ‘limited use area’ on the unit owner to whom this area is reserved. The Louisiana Condominium Act provides that condominium declarations and by-laws shall have the force of law between the individual unit owners. It may be that the Association as such is not liable for the limited use area. That makes no difference to these plaintiffs because, by statute, the Association must maintain insurance insuring the Richards either as unit owners or as members of the Association. Any provisions in the Hanover Insurance policy to the contrary derogate from that statutory mandate, should be reformed, and cannot be invoked against third parties.
We agree with the Blackwell court insofar as it finds that “exclusive use” is not determinative of the issue of coverage under the statutory law. ^Property which forms a part of the common elements may still be reserved for the exclusive use of a unit owner, as is the case with the “limited common elements”, yet be required to be insured under 9:1123.112. As the Blackwell court found, the term “limited common elements” is used as an attempt in condominium declarations to separate certain common elements for the purpose of exclusive use. The term is used to facilitate the drafting of condominium documents.
The insurer must provide coverage as mandated under the statutes. An insurer may not limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983); Carroll v. State Farm Ins. Co., et al., 519 So.2d 265 (La.App. 5 Cir.1988), writ denied, 520 So.2d 756 (La.1988); Rivnor Properties v. Herbert O’Donnell, Inc., 92-1103 (La.App. 5th Cir.1/12/94), 633 So.2d 735. The Lussans must be insured with respect to any liability arising out their ownership interest in the common elements or membership in the association. The clause on which State Farm relies is in derogation of the statute to the extent that it attempts to limit liability based on use of the property rather than ownership. The issues of ownership versus use and control, which we discuss below, is, in our opinion, an issue of material fact which is unresolved.
|8B. Ownership Versus Use and Control
In the policy involved in the present case, the “Declaration of Covenants, Conditions, and Restrictions of Contempra I, Inc” contains the following pertinent clauses:
Article I — Definitions And General Principles
4. Common Elements shall mean area “A” on plan attached hereto, together with all facilities and improvements placed *834 thereon and any and all interest which the Association may require adjace [sic] lands, any servitudes granted to the Association and the Owners and, in general, all improvements and installations existing for common use, including Parking Areas and all other parts of the Properties necessary or convenient to its existence, maintenance and safety.
10. Limited Common Elements means those common elements reserved in this declaration for the exclusive use of a certain unit or units.
* ⅜ * ⅜: * *
21. Toimhouse Exterior shall mean and refer to the roof, foundation, steps, footings, and outer surface of exterior walls of the Townhouse, including, without limitation, those portions which serve more than one Townhouse.
22. Unit means the individual townhouse subject to individual ownership. A unit includes such accessory rights and obligations as are stipulated in this declaration. Each unit together with the space within it as shown on the Survey and Plan and Specifications attached hereto and together with all appurtenances thereto, except as otherwise provided, shall constitute a separate parcel of immovable property which may be owned, conveyed, transferred and encumbered in the same manner as any other parcel of immovable property.
Jo. ***** *
24. Accessory Rights And Accessory Obligations included in ownership of a unit are as follows:
(a) An undivided percentage or fractional interest in the common elements.
(b) The exclusive right to use certain limited common elements as provided in this act....
Article III — Property Rights
* * ⅜ * * *
6. Limited Common Elements
Balconies and patios shall be for the exclusive use of adjacent units.
No other definition of limited common elements appears in the policy. Each owner is given a non-exclusive right and servitude of enjoyment in the common elements. Further, each owner is responsible for the maintenance, repair and replacement of his own townhouse and its exterior, such as the roof, walls, steps, footings, driveways, walkways and patios, etc. (Article IX, Section 2). That section also provides that the Association shall have the right, but not the duty, “upon reasonable determination of the necessity therefor and reasonable notice to the Owners affected thereby” to provide for such maintenance, repair and replacement of those elements, (except for such systems such as air conditioning units or electrical fixtures) which serve only one townhouse.
The survey and plan with specifications, referred to in the agreement, was not made part of the record.
hoPhotocopies of the photographs submitted at trial (the original photos were not made part of the appellate record) show that the place where the slip occurred is a wooden area, at ground level, leading from either a grassy expanse or a concrete walkway to the step at the front door of the Lussan unit. Defendant-appellee, State Farm, avers that because this area led only to that front door, it was for the exclusive use of the Lussans and, therefore, not covered under the policy. As delineated above, the factor of use does not lay the present questions to rest.
Reading the association covenant quoted hereinabove, we find a question of material fact remains as to whether the wooden area where plaintiff fell forms (1) part of the townhouse itself, or (2) the separate parcel of immovable property owned by the Lussans, or (3) is part of the common elements. Even the definition of “common elements”, as quoted hereinabove, is clearly incomplete in the copy of the covenant made part of our record. The (alleged) fact that the area is for the exclusive use of the Lus-sans is not determinative of the issue of control (and its potential consequent liability) — the association has the “right” to repair patios, defined as limited common elements for the exclusive use of the unit owner, as well as townhouse exteriors including walkways and steps.
*835 The affidavits submitted by defendant-ap-pellee — that the wooden area in question is part of the unit owned by the Lussans — are without supporting evidence, and constitute only the opinion of the affiants. The deter-minationjnof whether that particular part of the property is owned by the association or only by the Lussans is a factual finding reserved for the factfinder at a trial on the merits.[2]
Because the defendant did not carry its burden of proving there was no issue of material fact, it is immaterial that plaintiff did not file countervailing affidavits or evidence. Since we find that at least one genuine question of material fact clearly exists, it is apparent that the learned and well experienced trial judge erred in the present instance by granting summary judgment.

DECREE

For the foregoing reasons, the judgment is reversed and matter remanded to the trial court for further proceedings. Appellee is taxed with all costs of these proceedings.
REVERSED AND REMANDED.

. Nothing in the record indicates that the Lus-sans had an individual liability policy with State Farm.

. At this juncture we decline to determine that the defendant is liable for the plaintiffs damages. We find only that the policy does not clearly exclude the present action. In this regard we decline to follow Blackwell further.