UFOGG, J.
In this personal injury action, the plaintiffs appeal a summary judgment granted in favor of defendant State Farm Mutual Automobile Insurance Company, in its capacities as a liability insurance carrier and as an uninsured/underinsured motorist (UM) insurance carrier, finding it would not owe interest on an excess judgment. For the following reasons, we affirm in part and reverse in part.
On October 23, 1993, a car driven by Shane Tubre collided with the train trestle on Dalrymple Drive in Baton Rouge, Louisiana. Jonathan Michael Wood was a passenger in the car and allegedly received severe injuries in the accident which ultimately caused his death. His parents, Thomas and Nancy Wood, filed the instant tort action, naming as a defendant State Farm in its capacity as Shane Tubre’s liability carrier and in its capacity as the plaintiffs’ UM carrier.
As the liability carrier of Shane Tubre, State Farm deposited the sum of $11,-949.57 into the registry of the court on or around April 17, 1996. On April 30, 1996, the trial court ordered the clerk of court to release those funds to the plaintiffs.
On April 19, 1996, the trial court rendered judgment against State Farm holding that Jonathan Michael Wood was covered under his parents’ UM policy at the time of the accident. The UM policy provided limits in the amount of $100,000.00 per person and $300,000 .00 per accident. Following this judgment, State Farm unconditionally tendered the policy limit to the plaintiffs, with interest to date.
Subsequently, State Farm filed a motion for summary judgment on the issue of whether it owes any additional interest payments under either policy. On February 26, 1998, the trial court rendered a partial judgment, which it designated as appealable pursuant to LSA-C.C.P. art. 1915, granting State Farm’s motion and Lfinding that it is not liable for any addi *840 tional interest. Plaintiffs appeal that judgment.
UM POLICY
Appellate courts review summary-judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). A summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; Jackson v. Rogers, 95-0486 (La.App. 1 Cir. 11/9/95), 665 So.2d 440.
Under LSA-R.S. 13:4203, all liability carriers owe interest on judgments in tort cases, up to their policy limits, from the date of judicial demand. However, this statutory provision does not prohibit insurers from limiting or extending their liability for interest on excess judgments. Martin v. Champion Ins. Co., 95-0030 (La.6/30/95), 656 So.2d 991; Whiddon v. Hutchinson, 94-2000 (La.App. 1 Cir. 2/23/96), 668 So.2d 1368, writ denied, 96-0731 and 96-0775 (La.5/10/96), 672 So.2d 923. As stated by the Supreme Court in Martin, 95-0030 at 6, 656 So.2d at 995,
Insurers utilize supplemental payment provisions to outline their obligations with regard to interest. Thus, to determine an insurer’s interest obligation on an excess judgment, we must refer to the supplemental payment provisions contained in the insurance contract.
In construing such provisions, the ordinary principles of contractual interpretation are applicable, because the policy is an agreement between the parties. If the language of the policy is clear and unambiguous, the agreement must be enforced as written. However, ambiguous provisions must be construed in favor | Bof coverage and against the insurer which issued the policy. Sanders v. Ashland Oil, Inc., 94-1469 (La.App. 1 Cir. 5/5/95), 656 So.2d 643, writ denied, 95-1797 (La.11/3/95), 661 So.2d 1389. In the present case, the supplemental payment provision of the plaintiffs’ UM policy provides as follows:
In addition to the limits of liability we will pay for an insured any costs listed below resulting from such accident.
[[Image here]]
2. Interest on damages owed by the insured due to a judgment and accruing:
a. after the judgment, and until we pay, offer or deposit in court, the amount due under this coverage; or
b. before the judgment, where owed by law, but only on that part of the judgment we pay.
Plaintiffs assert that, by these terms, State Farm has agreed to pay interest on the entire amount of the judgment from the date of judicial demand to the date of deposit into the registry of the court, less the sums already paid. State Farm contends it owes plaintiffs no additional interest under this provision since it paid its policy limits, plus interest thereon, before judgment was rendered.
Although numerous cases address the payment of interest on excess judgments, only the case of Dekeyser v. Automotive Cas. Ins. Co., 97-1251 (La.App. 4 Cir. 2/4/98), 706 So.2d 676, dealt with the language presented by this case. We agree with the court in Dekeyser that the language is somewhat ambiguous. Therefore, we will construe it in favor of coverage.
It is undisputed that State Farm tendered its policy limits, plus interest thereon, prior to trial of this case. Under the terms of the supplemental payment provision, Section 2a deals with interest accruing after judgment is rendered, while Section 2b deals with interest accruing before judgment is rendered. See Dekeyser v. *841 Automotive Cas. Ins. Co., 97-1251 at 11, 706 So.2d at 682. Resolution of the issue presented in this case is governed by the language of Section 2b of the supplemental payment provision. Section 2b obligates State Farm to pay pre-judgment interest on “that part of the judgment we pay.” Therefore, State Farm is liable for prejudgment interest only to the extent of its policy limits. Furthermore, reading Sections 2a and 2b together, State Farm’s contractual obligation terminated with its unconditional tender. The trial court correctly granted summary judgment in State Farm’s favor finding that it owes no additional interest under the plaintiffs’ UM policy.
LIABILITY POLICY
The insurance policy issued to Shane Tubre by State Farm is not a part of the record on appeal. We note that reference was made to the policy; however, we cannot consider documents not properly introduced into evidence. Blackwell v. Hanover Ins. Co., 551 So.2d 47 (La.App. 1 Cir.1989); Placid Refining Co. v. Privette, 523 So.2d 865 (La.App. 1 Cir.), writ denied, 524 So.2d 748 (La.1988).
The issue before the court is whether certain coverage is provided under the policy issued to Shane Tubre by State Farm. The absence of the pertinent policy language leaves questions of material fact which preclude the granting of a summary judgment on this issue. See Guedry v. Fromenthal, 633 So.2d 287 (La.App. 1 Cir.1993); Dette v. Covington Motors, Inc., 426 So.2d 718 (La.App. 1 Cir.1983). Therefore, the trial court erred in granting a summary judgment on the issue of liability for interest on an excess judgment under the terms of that policy.
CONCLUSION
For the foregoing reasons, we affirm the granting of summary judgment in favor of State Farm in its capacity as plaintiffs’ UM carrier. We reverse the granting of summary judgment in favor of State Farm in its capacity as the liability ^insurance carrier for Shane Tubre and remand the case for further proceedings. Costs are to be shared equally between State Farm and the plaintiffs.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.